FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 31, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EMILY M.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:26-CV-00041-ACE<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION<br><br>**ECF Nos. 12, 14** |

**BEFORE THE COURT** is Plaintiff's Opening Brief and Defendant's Brief in response. ECF No. 12, 14. Attorney Chad L. Hatfield represents Plaintiff; Special Assistant United States Attorney David J. Burdett represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS**, in part, Plaintiff's Motion; **DENIES** Defendant's Motion; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed an application for Supplemental Security Income on April 11, 2023, alleging onset of disability on January 1, 2021. Tr. 205. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Jesse Shumway held a hearing on February 27, 2025, Tr. 43-76, and issued an

unfavorable decision on March 12, 2025, Tr. 25-37. At the hearing, the alleged onset date was amended to the application date, April 11, 2023. Tr. 47. The Appeals Council denied Plaintiff's request for review on November 21, 2025, Tr. 1-6, and the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 23, 2026. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can perform other substantial gainful activity; and (2) a significant number of jobs exist in the national economy which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On March 12, 2025, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 25-37.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 11, 2023, the application date. Tr. 27.

At step two, the ALJ determined Plaintiff had the following severe impairments: bilateral club feet, obesity, anxiety disorder, and depressive disorder. Tr. 27.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 29-30.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform a full range of light work with the following limitations: in

an eight-hour workday, Plaintiff can stand for a total of two hours, walk for a total of two hours, and sit for a total of four hours; she cannot climb ladders, ropes, or scaffolds, and can only occasionally perform all other postural activities; she can occasionally reach overhead, occasionally push and pull, and frequently handle and finger; she cannot have concentrated exposure to extreme cold or vibration; she can have no exposure to hazards, such as unprotected heights and moving mechanical parts; she is limited to simple, routine tasks; she can have only superficial interaction with the public and coworkers; and she needs a routine, predictable work environment with no more than occasional changes. Tr. 30.

At step four, the ALJ found Plaintiff has no past relevant work. Tr. 35.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, including the jobs of collator operator, parking lot attendant, and mail clerk. Tr. 36-37.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the amended alleged onset date, April 11, 2023, through the date of the decision, March 12, 2025. Tr. 37.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff alleges the ALJ erred by: (1) rejecting the opinion of examining psychologist, Melvin Watt, Ph.D., without adequately considering its consistency or supportability; (2) failing to conduct an adequate step three evaluation; (3) discounting Plaintiff's testimony without providing clear and convincing reasons for doing so; and (4) failing to meet his burden at step five. ECF No. 12 at 2-3, 5-6.

## DISCUSSION

### A. Medical Opinions

Plaintiff contends the ALJ erred by improperly evaluating the medical opinion evidence. ECF No. 12 at 8-12. Plaintiff specifically argues the ALJ erred by rejecting the only psychological evaluation in the record, the report of Melvin Watt, Ph.D. *Id.* Defendant's brief argues substantial evidence supports the ALJ's evaluation of the medical evidence of record. ECF No. 14 at 2-6.

The ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

On May 2, 2024, Dr. Watt completed a psychological evaluation of Plaintiff. Tr. 765-770. The mental exam revealed Plaintiff's social skills, overall presentation, and eye contact were poor; her speech was stuttering with monotonous voice, her expressive language was marked by problems with word finding, and she had poorly developed receptive language; her thinking was impaired and circumstantial; her affect was moderately restricted and anxious; her recent and remote memory skills and attention and concentration were impaired due to anxiety or nervousness; and she was slow in her responses. Tr. 767-768. Plaintiff's intellectual functioning was estimated to be average, her insight and judgment were fair, and the results of the mental status evaluation were consistent with her educational and vocational history. Tr. 768-769. Dr. Watt opined

Plaintiff had marked limitations with understanding, remembering or applying complex directions and instructions; marked limitations with using reason and judgment to make work related decisions; marked to extreme limitations with interacting adequately with supervisors, co-workers and the public; marked limitations with sustaining concentration and performing a task at a consistent pace; marked limitations with sustaining an ordinary routine and regular attendance at work; marked to extreme limitations with regulating emotions, controlling behavior, and maintaining well-being; moderate to marked limitations with maintaining personal hygiene and appropriate attire; and moderate limitations with awareness of normal hazards and taking appropriate precautions. Tr. 769-770.

The ALJ determined that Dr. Watt's opinion was "not persuasive." Tr. 34. The ALJ indicated that although the report was "reasonably supported," the exam was inconsistent with the longitudinal record, which showed Plaintiff consistently had normal or near-normal mental status in treatment notes and had not required any significant mental health treatment. Tr. 35.

With respect to supportability, the ALJ determined that Dr. Watt's opinion was supported by his evaluation findings and narrative report. Tr. 35. The undersigned agrees Dr. Watt's opinions are well-supported.

Regarding the ALJ's finding of a lack of consistency, the ALJ mostly cited to records of primary care physician visits for the treatment of Plaintiff's physical conditions to support his conclusion that Plaintiff "consistently had normal or near-normal mental status in treatment notes." *See* Tr. 35 citing Tr. 285 (September 2018 follow up for sleep apnea), 294 (June 2018 initial visit for a sleep disorder), 600 (November 2023 primary care visit for heavy vaginal bleeding), 607 (September 2023 primary care visit for abdominal pain), 563 (August 2023 primary care annual exam), 335-336 (November 2021 primary care annual wellness exam), 341 (October 2021 Urgent Care visit for COVID-19 testing

required prior to airline travel to North Carolina), 365 (June 2020 primary care visit for chronic lower back pain), 374 (February 2020 primary care health maintenance exam), 805 (June 2024 primary care "mood follow up" visit), and 811 (April 2024 primary care visit to establish care). The undersigned finds that the ALJ's citation to these primarily physical-ailment appointments does not definitively establish an inconsistency with the mental health opinions of Dr. Watt, the only examining psychologist of record. *See e.g. Shawn C. v. Kijakazi*, 2023 WL 8473708 at *7 (E.D. Wash. Dec. 7, 2023) (finding the ALJ erred by crediting normal mental health findings made when Plaintiff presented for treatment of physical conditions that conflicted with abnormal findings made when the claimant was evaluated by medical sources trained in psychiatry); *James L. v. Bisignano*, 2026 WL 1047077 at *6 (E.D. Wash. Apr. 17, 2026) (finding an ALJ erred by giving undue weight to the normal mental-health findings noted during brief physical-ailment appointments); *Bruce H. v. Bisignano*, 2025 WL 2911493 at *4 (E.D. Wash. Oct. 14, 2025) (the ALJ failed to explain how observed normal mental status findings from Plaintiff's treatment for foot issues should be given greater weight).

Dr. Watt provided the only psychological evaluation in the record. Because it is undisputed that Dr. Watt's opinions are supported and the ALJ's finding of a lack of consistency is not corroborated, the Court concludes that the ALJ's rejection of Dr. Watt's report is not supported by substantial evidence and this matter must be remanded to reassess Plaintiff's mental functioning. On remand, the ALJ shall reconsider the opinions of Dr. Watt, further develop the record by directing Plaintiff to undergo a new consultative psychological examination, and take into consideration any other medical opinion evidence or testimony relevant to Plaintiff's mental health functioning.

///

///

**B. Step Three**

Plaintiff contends that the ALJ also erred at step three by failing to conduct an adequate analysis, failing to consider her impairments in combination, and failing to find her disabled as meeting or equaling Listings 12.04, 12.06, and 12.11. ECF No. 12 at 12-14. Plaintiff specifically contends the ALJ erred by failing to assess no more than moderate limitations in any of the "paragraph B" criteria. *Id*.

At step three, the ALJ considers whether one or more of a claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the Social Security regulations. See 20 C.F.R. § 416.920(a)(4)(iii). Each listing sets forth the "symptoms, signs, and laboratory findings" that must be established for a claimant's impairment to meet the listing. *Tackett*, 180 F.3d at 1099. If a claimant meets or equals a listing, the claimant is considered disabled with no need for further inquiry. See 20 C.F.R. § 416.920(d). As a result of that presumption of disability, "[l]isted impairments are set at a high level of severity." *Hubbell v. Kijakazi*, 2023 WL 6620305 at *1 (9th Cir. 2023). It is Plaintiff's responsibility to prove she is disabled at step three by establishing she has an impairment that meets or equals a listing impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Tackett*, 180 F.3d at 1098-1099.

Here, the ALJ addressed the relevant paragraph "B" criteria with respect to Listings 12.04 and 12.06 and determined that Plaintiff's impairments did not satisfy the paragraph "B" criteria because Plaintiff's mental impairments "did not cause at least two 'marked' limitations or one 'extreme' limitation." Tr. 29-30.

Since the undersigned finds the ALJ erred by failing to properly assess Dr. Watt's report, *see supra*, the ALJ, on remand, will be instructed to perform the sequential analysis anew, including an analysis of Plaintiff's mental impairments at step three.

///

///

**C. Plaintiff's Subjective Complaints**

Plaintiff next contends the ALJ erred by improperly rejecting Plaintiff's subjective complaints. ECF No. 12 at 14-18. Defendant responds that the ALJ reasonably discounted Plaintiff's subjective symptom testimony because it conflicted with the medical evidence. ECF No. 14 at 8-12.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), as amended (Apr. 9, 1996).

The ALJ determined Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 31. The ALJ listed three specific reasons to discount Plaintiff's allegations of disabling symptoms: (1) unremarkable objective medical evidence; (2) Plaintiff's conservative course of treatment; and (3) Plaintiff's "exceptionally weak" work history. Tr. 31-33. While the foregoing reasons for discounting Plaintiff's subjective complaints may be supported by the evidence of record, this matter must be remanded to further develop the record and reassess Plaintiff's functioning. *See supra*. Accordingly, on remand, the ALJ shall also be directed to

reconsider Plaintiff's statements and testimony and reassess what statements, if any, are not credible and, if deemed not credible, what specific evidence undermines those statements.

**D. Step Five**

Plaintiff lastly argues that the ALJ erred by failing to conduct a proper analysis at step five of the sequential evaluation process. ECF No. 12 at 18-19. Defendant responds that substantial evidence supports the ALJ's step five finding. ECF No. 14 at 12-14. Since the Court has determined that a remand is required in this matter, the Court finds the ALJ's step five determination shall be revisited on remand as well.

**CONCLUSION**

This case must be remanded because the ALJ harmfully erred by misevaluating the medical evidence. Plaintiff contends the Court should remand for an immediate award of benefits. Such a remand should be granted only in a rare case and this is not such a case. The medical evidence and Plaintiff's testimony must be reweighed and this is a function the Court cannot perform in the first instance on appeal. Further proceedings are thus not only helpful but necessary. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

Therefore, on remand, the ALJ shall perform the sequential analysis anew. The ALJ shall reassess Plaintiff's mental impairments and limitations, specifically taking into consideration the opinions of Dr. Watt and any other medical opinion evidence or testimony relevant to Plaintiff's disability claim. The ALJ shall further develop the record by directing Plaintiff to undergo a new consultative psychological examination to assist the ALJ in assessing Plaintiff's mental functioning. The ALJ shall additionally reconsider Plaintiff's impairments at step

three. The ALJ will also be instructed to reconsider Plaintiff's statements and testimony and reassess what statements, if any, are not credible and, if deemed not credible, what specific evidence undermines those statements. The ALJ shall reevaluate Plaintiff's RFC, make new findings at each of the five steps of the sequential evaluation process, and, if warranted, obtain supplemental testimony from a vocational expert.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion to reverse and remand, **ECF No. 12**, is **GRANTED IN PART**.

2. Defendant's motion to affirm, **ECF No. 14**, is **DENIED**.

3. The Commissioner's final decision is **REVERSED,** and this case is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

**IT IS SO ORDERED**. The District Court Executive shall file this Order and provide copies to counsel. **Judgment shall be entered for Plaintiff and the file shall be CLOSED**.

DATED August 31, 2026.

ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE